REISSUED FOR PUBLICATION
DEC 20 2021
OSM
U.S. COURT OF FEDERAL CLAIMS

# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 17-460V

Filed: December 2, 2021

| | | |
|---|---|---|
| * * * * * * * * * * * * | * | |
| MARIAH CORBETT, *on behalf of* | * | |
| N.C., *Deceased*, | * | |
| | * | |
| Petitioner, | * | Dismissal; Diptheria-tetanus- acellular-pertussis ("DTaP"); Hepatitis B; Inactivated Poliovirus ("IPV"); Pneumococcal Conjugate ("PCV"); Haemophilus influenzae b ("Hib"); Rotavirus; Death. |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | * | |

*Mariah Corbett,* Pro Se petitioner.
*Voris Johnson, Esq.,* U.S. Dept. of Justice, Washington, DC for respondent.

## DECISION[1]

**Roth,** Special Master:

On March 30, 2017, Mariah Corbett ("petitioner" or "Ms. Corbett") filed a petition on behalf of her deceased son, N.C., for Vaccine Compensation in the National Vaccine Injury Compensation Program ("the Program"),[2] alleging that N.C.'s receipt of the diphtheria-tetanus-acellular pertussis ("DTaP"), hepatitis B, inactivated poliovirus ("IPV"), pneumococcal conjugate ("PCV"), haemophilus influenzae b ("Hib"), and rotavirus vaccines caused N.C. to suffer a

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

"vaccine-induced sudden death." Petition at 1.

This matter was assigned to me on March 31, 2017. ECF No. 4. At the time of filing, Mark Sadaka was petitioner's counsel of record. On March 27, 2020, Mr. Sadaka filed a Motion to Withdraw as counsel. ECF No. 57. Mr. Sadaka's Motion was granted in an Order issued on November 10, 2020. ECF No. 70. This Order also directed Ms. Corbett to send a letter to the Court by no later than Monday, February 8, 2021, advising of her progress in retaining new counsel. Petitioner did not comply with this Order.

On March 4, 2021, a second Order was issued directing Ms. Corbett to send a letter to the Court by no later than Friday, March 19, 2021, advising of her progress in retaining new counsel and informing petitioner that failure to comply with Court-ordered deadlines may result in the dismissal of her claim. ECF No. 74. Petitioner did not comply with this Order.

On September 3, 2021, a third Order was issued directing Ms. Corbett to send a letter to the Court no later than Monday, October 4, 2021, advising of her progress in retaining new counsel and reminding petitioner that her claim would be subject to dismissal if she did not comply. ECF No. 75. Petitioner did not comply with this Order.

On October 12, 2021, an Order to Show Cause was issued, requiring Ms. Corbett to send a letter to the Court by no later than November 12, 2021 advising of her efforts to secure counsel, advising how she intends to proceed, and/or explaining why the petition in this matter should not be dismissed for failure to comply with the Court's Orders and failure to prosecute this matter. ECF No. 76. Petitioner was advised that "failure to respond to this order, or any other orders, will result in the immediate dismissal of this claim."

As of today, December 2, 2021, petitioner has failed to file or communicate any response to the Order to Show Cause.

Special masters may dismiss a petition where the petitioner fails to follow Court orders. *See Hayman v. Sec'y of Health & Human Servs*., No. 02-725, – Fed. Cl. – (May 9, 2005) (finding that it was not an abuse of discretion for the special master to dismiss a petition for failure to prosecute where the petitioner failed to respond to an Order to Show Cause); *see also Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), *aff'd per curiam,* 991 F.2d 810 (Fed. Cir. 1993); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996); Vaccine Rule 21(b).

In the instant matter, Ms. Corbett has failed to comply with Court orders or communicate with the Court in any way since becoming a pro se petitioner over one year ago, even though she was advised on several occasions that failure to do so would result in dismissal of her claim. **Thus, this case is dismissed for failure to prosecute and failure to follow Court orders. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

s/ **Mindy Michaels Roth**

2

                                        Mindy Michaels Roth
                                        Special Master